IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLEY HUGHES,**

        **Plaintiff,**

        v.                     CASE NO. 10-3173-SAC

**KATRINA POLLET, KANSAS
JUVENILE CORRECTIONS
SUPERINTENDENT,**

        **Defendant.**

### O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed pro se by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF). As the factual background for his complaint, Mr. Grant alleges as follows. He was in segregation at the Kansas Juvenile Correctional Complex from February 21, 2009 to December 10, 2009. On August 13, 2009, defendant Pollet became the new Superintendent and "made new rules for inmate in segregation." As a result, he was subjected to cruel and unusual punishment in that for 45 days inmates were denied showers, all writing material, visits, phone calls, haircuts, shaves, out-of-cell recreation, socks, underwear, pillows and sheets. He seeks money damages.

Plaintiff also filed an Application to Proceed Without Prepayment of Fees, and was given time to provide the financial information required by federal statute in support of this motion. He was informed that 28 U.S.C. § 1915 requires that a prisoner filing a motion to proceed without prepayment of fees submit a

"certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff has provided some additional financial information; however, it does not appear that he has requested a certified copy of his inmate account for the appropriate six-month period from the appropriate official at the EDCF. Instead, he sends two monthly bank statements received for August and September, and alleges he cannot provide more information because he only receives statements once a month. His bank statements might be sufficient, had he provided those statements for the appropriate six-month period. However, 28 U.S.C. § 1915(a)(2) requires that he obtain a certified copy of his inmate account from the institution's finance office. Inmates at the EDCF have generally had no problems obtaining and providing this document. On-line KDOC offender records show that Mr. Hughes has been confined at the EDCF since March, 2010, and thus that institution should have a record of his inmate account for six months and more. Plaintiff will be given one last opportunity to comply with 28 U.S.C. § 1915(a)(2), by requesting the appropriate document at the EDCF and submitting that document showing the transactions in his inmate account for the appropriate six-month period. If he fails to submit this information within the time allotted, this action will be dismissed without further notice for failure to satisfy the statutory fee prerequisites.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted twenty (20) days in which to provide a certified copy of his inmate account for the six-month period immediately preceding the filing of this action or this action will be dismissed for failure to meet the statutory filing fee prerequisites.

**IT IS SO ORDERED.**

Dated this 9th day of November, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge